**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE PAPPAS, individually and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-04205 |
| | ) | |
| AUTO CLUB INSURANCE ASSOCIATION, | ) | Judge: Manish S. Shah |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendant Auto Club Insurance Association ("ACIA"), files its Response to Plaintiff George Pappas' ("Plaintiff") Motion to Remand, and respectfully shows the Court the following:

1.  Plaintiff's (Second) Motion to Remand asks the Court to forego its federal diversity jurisdiction since Plaintiff filed a post-removal amendment *after* this Court previously denied Plaintiff's Motion for Remand under the Class Action Fairness Act ("CAFA") and granted Defendant's Motion to Dismiss under 12(b)(6). Plaintiff openly admits, and there is no dispute that a federal court assesses jurisdictional under CAFA at the time of removal. On March 27, 2020, this Court determined that it had jurisdiction over this matter when it denied Plaintiff's initial Motion to Remand. Nothing has happened to deprive this Court of its jurisdiction over this matter. However, Plaintiff incorrectly argues that federal jurisdiction can be disregarded by merely filing a First Amended Class Action Complaint on his previously dismissed claims. For the reasons stated below, Plaintiff's Motion to Remand should be denied.

## I.    FACTUAL BACKGROUND

2.    On January 7, 2020, George Pappas filed this putative class action against ACIA in the Chancery Division of the Circuit Court of Cook County, Illinois, captioned *George Pappas, individually and on behalf of all others similarly situated v. Auto Club Insurance Association*, Case No. 2020 CH 00180.  See Doc. # 1-1[1].  On February 11, 2020, Defendant ACIA timely removed the case to this Court under CAFA, and this Court assigned the matter Case Number 1:20-cv-00983.  Doc. #1.

3.    After removal, on February 17, 2020, ACIA filed a Motion to Dismiss Plaintiff's Class Action Complaint or in the Alternative, to Dismiss Plaintiff's Actual Cash Value Allegations and Multistate Class Allegations.  Doc. #8 and 9.  On February 18, 2020, Plaintiff filed a Motion to Remand and alleged that the classes' amount in controversy did not exceed five million dollars. Doc. #11.  On March 27, 2020, this Court denied Plaintiff's Motion to Remand, finding that Defendant had satisfied all the requirements for federal jurisdiction under the CAFA. Doc. # 25.

4.    After retaining federal jurisdiction, in an Order dated June 18, 2020, this Court dismissed Plaintiff's Class Action Complaint without prejudice.  Doc. # 32.  This Court permitted Plaintiff to amend his complaint.  *Id*.  In particular, the Court stated in its Order:

> Pappas has leave to file an amended complaint, but if he clarifies his claim to exclude unpaid taxes and injunctive relief from the case, there would likely be no federal jurisdiction over the dispute. *See* [25]. Pappas shall file either an amended complaint or a status report notifying the court that he intends to refile in state court.

5.    On July 1, 2020, Plaintiff filed a First *Amended* Class Action Complaint in the same Illinois state court action, with the same cause number, from which the original Class Action

---

[1] ACIA is adopting Plaintiff's method of distinguishing between documents contained in the two case numbers assigned to this case by the federal court. Thus, references contained in the docket for case number 20-cv-983 are cited as "Doc. #_", and references to documents contained in the docket for case number 20-cv-4205 are cited as "Dkt. #_".

Complaint had been previously removed to federal court. Exhibit A to Dkt. #1-1. On July 2, 2020, this Court issued a Notification of Docket Entry, administratively closing this case in light of Plaintiff's filing of the First Amended Class Action Complaint in Illinois State Court. Doc #34.

6.      ACIA moved to enjoin state court proceedings and enter final judgment. Doc. #35. On July 10, 2020, this Court issued a ruling denying ACIA's motion to enjoin. (Doc. 38). In so doing, the Court stated:

> This court dismissed the complaint without prejudice, with leave to amend, and plaintiff's state−court refiling was consistent with this court's order. It may be that federal jurisdiction (assessed at the time of the original complaint) continues over the action. Subsequent events generally do not deprive a court of jurisdiction that was secure at the outset.

7.      On July 16, 2020, ACIA removed this case from Illinois state court, back to this Court. Dkt. #1. The case was then assigned Court Case Number 1:20-cv-04205. When the case was removed, it was initially assigned to Judge Charles R. Norgle. On July 17, 2020, ACIA filed a Motion to Reopen Case 1:20-cv-983, so that 1:20-cv-4205 could be consolidated into 1:20-cv-983 and reassigned to Judge Shah, as it is the same case. Doc. #39. On July 20, 2020, this Court issued a Docket Entry in case 1:20-cv-983 (Doc. #40) denying ACIA's Motion to Reopen, and stating in relevant part:

> There is no need to reopen this case in order to reassign and consolidate the recently removed case. On its own motion, the Court will recommend to the Executive Committee that Case No. 20 CV 4205 be reassigned forthwith to this court **as a refiling of a dismissed case, namely 20 CV 983**. (Emphasis added)

8.      On that same day (July 20th), the Executive Committee of the U.S. District Court for the Northern District of Illinois, issued an Order (Dkt. #7) stating in relevant part:

> It further appearing, **20cv4205,** ***Pappas v. Auto Club Insurance Association* is the refiling of case 20cv983,** *Pappas v. Auto Club Insurance Association* which was assigned to Judge Manish S. Shah and designated magistrate judge Sheila M. Finnegan, therefore

3

It is hereby ordered that, the Clerk is to reassign 20cv4205, *Pappas v. Auto Club Insurance Association* to Judge Shah and designate magistrate Judge Finnegan. (Emphasis added).

9.      Plaintiff has now filed a second Motion to Remand (Dkt. #14 and #15) wherein he asks this Court to ignore the federal jurisdiction established by his Original Complaint, disregard this Court's prior Order denying remand, and look past its previous exercise of jurisdiction when it granted Defendants 12(b)(6) Motion to Dismiss. The crux of Plaintiff's argument is that this Court's jurisdiction should be assessed as of the filing of the Amended Complaint, instead of being evaluated at the time the case was initially removed, on February 11, 2020.

10.      In a Docket Entry dated July 30, 2020 (Dkt. #16), wherein this Court set a briefing schedule on Plaintiff's Motion to Remand and on ACIA's Motion to Dismiss, the Court states:

> The court notes that it may conclude that this case is simply a continuation of 20 CV 983, that its suggestion that plaintiff file an amended complaint in state court did not deprive this court of jurisdiction over the controversy, and the changing case numbers was of no jurisdictional consequence.

## II.      LEGAL ARGUMENT

### A.  Plaintiff's Filing Of An Amended Complaint in State Court Did Not Divest this Court's Jurisdiction Over This Case

11.      It is cannon in the Seventh Circuit, as well as the Supreme Court of the United States, that a federal court's jurisdiction under 28 U.S.C. § 1332 is assessed at the outset of the case, and that subsequent changes, even to the amount in controversy, do not operate to strip the court of its jurisdiction. *Carter v. Tennant Company*, 383 F.3d 673, 680–81 (7th Cir. 2004). The Seventh Circuit in *Carter* cited with approval to the Second Circuit's decision in *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs. Inc.*, 166 F.3d 59, 62 (2d Cir. 1999), wherein the court stated that "Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the "time-of-filing" rule. 'Events

4

occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *Id*. citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938); *see also Freeport-McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428 (1991) ("if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004)("diversity jurisdiction depends on matters as they stand when the complaint is filed"); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 122141, *22, fn 5 (N.D. Ill. 2018)("The amount in controversy is determined at the outset of the case; 'events after the suit begins do not affect the diversity jurisdiction'" quoting *Johnson*, 361 F.3d at 993.)

12.     Applying this rule of law, numerous federal courts throughout the country have held that amended complaints, which might not meet the federal court's jurisdictional amounts, do not deprive the federal court of jurisdiction where the original complaint did satisfy the jurisdictional amount, and federal jurisdiction had been established. See*, Dow v. Poltzer*, 364 F. Supp. 2d 931, 934 (E.D. Wis. 2005)("The Seventh Circuit has interpreted the holding in *St. Paul* to mean that a plaintiff may not obtain a remand by amending the complaint to seek less than the jurisdictional amount." Thus, where the amount in controversy requirement was met at the time of removal, amended complaint which withdrew certain claims did not deprive the court of jurisdiction and, therefore, plaintiffs' motion to remand based on amount in controversy was denied); *Lang v. Mfrs. & Traders Trust Co.*, 274 F.R.D. 175, 180-181, 2011 U.S.Dist. LEXIS 33761 (D. Md. 2011)(Case could not be remanded back to state court even though plaintiffs had amended amount of damages—court continued to have jurisdiction pursuant to 28 USCS § 1332); *Thompson v. Victoria Fire & Cas. Co*., 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (Complaint in effect

at the time of removal which stated necessary amount in controversy for diversity jurisdiction under 28 USCS § 1332, was the original complaint, not amended complaint); *Bank IV Salina, N.A. v. Aetna Casualty & Surety Co.*, 783 F. Supp. 1315, 1317 (D. Kan. 1992)(Where plaintiff brought an action in state court with an amount in controversy over the diversity jurisdictional amount, and the defendant properly removed the case to federal court, subsequent reduction by plaintiff of amount claimed in amended complaint to an amount below the jurisdictional amount did not divest the federal court of jurisdiction). *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)("… events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." Thus the federal court retained jurisdiction over case that met the jurisdictional amount when removed, even though plaintiff later filed amended complaint reducing amount being claimed to under jurisdictional amount.).

13.    This Court previously determined that the jurisdictional requirements of CAFA, including the $5 million amount in controversy requirement, were met, and that this Court had jurisdiction over this case.  See Doc. #25.  Under Seventh Circuit Court of Appeals precedent, as well as the Supreme Court of the United States and the numerous cases cited above, subsequent changes, even to the amount in controversy, do not operate to divest this Court of federal jurisdiction.  Once the case has been removed by the defendants, *St. Paul* makes later filings "irrelevant." *In re Shell Oil Co*., 970 F.2d 355, 356 (7th Cir.1992) (per curiam)). Indeed, in *Shell Oil*, the Seventh Circuit Court of Appeals in reversing a district court's remand explained:

> When a district judge remands a properly-removed case because of subsequent events, this court has both the authority and the duty to rescind that remand.  *See In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 708-09 (7th Cir.1992).

*In re Shell Oil Co.*, 970 F.2d at 356.

14.     Plaintiff herein attempts to argue around this Court's established jurisdiction, and he claims that jurisdiction should be reevaluated based on Plaintiff's First Amended Class Action Complaint.  However, to accept this argument would be to disregard all the above-stated precedent—that jurisdiction is determined at the outset of the case, and that subsequent amendments to the complaint do not destroy federal jurisdiction once it has attached.  Moreover, the result would permit Plaintiff to engage in forum manipulation—that may trigger a separate improper joinder analysis by this Court.

15.     The Plaintiff's Original Class Action Complaint established federal court jurisdiction, as determined by this Court.  See Doc. #25.  The subsequent amendments to Plaintiff's claims, which he artfully drafted in his First Amended Class Action Complaint, do not operate to divest this Court of the jurisdiction that this Court previously held that it had in this case.

16.     Plaintiff attempts to support his argument through an out-of-context footnote from this Court's decision in *Klein v. Curran*, 2914 U.S. Dist. LEXIS 142322, *2, fn 2—a case that did not involve remand but rather its rejection of permitting a superseded complaint to serve as an operative complaint to escape a motion to dismiss.  At issue in *Klein* was defendant's motion to dismiss plaintiff's second amended complaint.  While the decision does not identify what the differences were between the original complaint, the first amended complaint, and the second amended complaint, the Court stated: "the second amended complaint is the operative complaint," in order to clarify that the claims subject to the motion to dismiss were the claims in the second amended complaint, and not from the prior complaints.  *Id.*

17.     In the *Klien* opinion, this Court cited *Manning v. Ashland Oil Co*., 721 F.2d 192, 196–97 (7th Cir. 1983) in a footnote to support its holding.  In *Manning,* the Seventh Circuit held that the trial court correctly ruled the claims that were in the fifth amended complaint but not the

sixth amended complaint were not before the jury.  Regardless, neither of these rulings have any bearing on the issue in the present case, which is whether once federal jurisdiction is established, can the plaintiff divest the federal court of that jurisdiction by amending his complaint.  These opinions cited by Plaintiff do not permit him to frustrate federal jurisdiction once it has been determined.

Indeed, contrary to Plaintiff's representations before this Court, the Seventh Circuit's decision in *Carter* explicitly states that amended complaints do not deprive the federal court of jurisdiction once that jurisdiction is established. *Carter v. Tennant Company*, 383 F.3d 673, 680–81 (7th Cir. 2004).

18.     Plaintiff's lengthy string cite of authority on page 10 of his Motion to Remand, is also unpersuasive and does not support his argument that he can avoid established federal jurisdiction through a post-removal amendment. Instead, the cases cited in Plaintiff's brief stand for the opposite.  That is, a lawsuit that is not initially removable may become removable to federal court under 28. U.S.C. 1446(b)(3)(sometimes referred to as the "Other Paper Rule").  Indeed, the rule can be applied even if a federal court initially remands a lawsuit, and subsequent events in the state court create opportunities for federal removal.  *See Alsup v. 3-Day Blinds, Inc.,* 435 F.Supp.2d 838 (S.D.Ill. 2006)(where initial complaint was removed but then remanded as federal court determined that there was no federal subject matter jurisdiction to support removal. After the case was remanded to state court, another defendant was served, and he removed the case on different grounds. The court held that this second attempt at removal was permissible, stating: "If subsequent pleadings or conduct by the parties or various other circumstances brings a case **that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible**." *Id*. at 842 (emphasis added).

8

19.    Indeed, "the removal statute, 28 U.S.C. §§ 1441-52, does not categorically prohibit the filing of a second removal petition **following remand** … If subsequent pleadings or conduct by the parties or various other circumstances bring a case **that was not previously removable** within the removal jurisdiction of the federal courts, a second notice of removal is permissible." (Emphasis added). *In re Diet Drugs*, 282 F. 3d 220, FN. 8 (3rd Cir. 2002)

20.    While Plaintiff points out that this Court's Order of June 18, 2020, granting Defendant's Motion to Dismiss, stated that if Plaintiff "clarifies his claim to exclude unpaid taxes and injunctive relief from the case, there would likely be no federal jurisdiction over the dispute," Plaintiff neglects to also mention that the Court subsequently stated in its July 10, 2020 ruling that "it may be that federal jurisdiction (**assessed at the time of the original complaint**) continues over the action." (Emphasis added) Doc. #38. Importantly, this Court **denied Plaintiff's Motion for Remand before dismissing Plaintiff's Original Complaint**.  Doc. #25 and #32.

21.    Lastly, on page 8 of his Motion to Remand Plaintiff argues that any doubt regarding jurisdiction should be resolved in favor of remand to state court. However, here the issue of jurisdiction is not in doubt, as this Court has already determined that the requirements of CAFA have been met.  Plaintiff does not cite any cases or statutes that support his argument that once federal jurisdiction is established and his claims dismissed, that Plaintiff can subsequently defeat that jurisdiction by filing an amended complaint.

**B. ACIA's Has Established That This Court Has Jurisdiction Over This Case**

22.    As is discussed above, in denying Plaintiff's initial Motion to Remand, this Court determined that ACIA established Plaintiff's Complaint satisfied all of the removal jurisdictional requirements under CAFA.  This Court found that: (1) the proposed class included more than 100 members; (2) at least minimal diversity of citizenship existed; and (3) the $5 million minimum

amount in controversy was met.  Doc. #25.  Plaintiff fails to address this Court's prior ruling, and instead argues that ACIA has 'failed to establish that the jurisdictional requirements have been met.'  This is nothing but an improper attempt by Plaintiff to have the Court reconsider its prior denial of Plaintiff's initial Motion to Remand and Dismissal of his claims.

23.    Indeed, this Court and the Executive Committee determined that Case Number 20-cv-4205 is a **refiling of Case Number 20-cv-983**.  This is supported by the Seventh Circuit decision in *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006), wherein the Court evaluated whether an amended complaint (filed after the CAFA effective date) related back to the time of filing of the original complaint (filed prior to the CAFA effective date).  In making its analysis, the Seventh Circuit stated:

> An amended complaint kicks off a new action only if, under the procedural law of the state in which the suit was filed, it does not "relate back" to the original complaint… The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.

*Santamarina*, 466 F.3d at 573–74.  Applying the reasoning in *Santamarina*, and the language of Fed. R. Civ. P. 15(c)[2].  Plaintiff's First Amended Class Action Complaint is a refiling of the Case Number 20-cv-983.  The Plaintiff is the same, the Defendant is the same, the same general set of facts are alleged, and the claims are the same, with the exception that Plaintiff has dropped his request for injunctive relief—which was dismissed by this Court anyway.  Indeed, this Court previously dismissed the same claims Plaintiff now alleges in its First Amended Class Action.  ACIA has already established that the requirements for federal jurisdiction under CAFA have been

---

[2] Fed. R. Civ. P. 15(c)(1)(b) provides: "... An amendment to a pleading relates back to the date of the original pleading when: … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

met, and this Court previously denied Plaintiff's Motion for Remand.  Accordingly, this Court should likewise deny Plaintiff's Second Motion to Remand.

### CONCLUSION AND PRAYER

24.     Defendant Auto Club Insurance Association prays that this Court deny Plaintiff's Second Motion for Remand, enforce its previous dismissal of Plaintiff's Claims, and for any and all other relief to which it is justly entitled.

Respectfully submitted,

**HILBERT & POWER, LTD.**

*/s/ Nick Papastratakos*
Nick Papastratakos
77 West Washington Street
Suite 1217
Chicago, Illinois 60602

ATTORNEYS FOR DEFENDANT
AUTO CLUB INSURANCE ASSOCIATION

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 19th day of August, 2020, a true and correct copy of the foregoing has been forwarded to counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Nick Papastratakos*
Nick Papastratakos