IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE PAPPAS, individually and On behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) AUTO CLUB INSURANCE ASSOCIATION, ) ) Defendant. ) | Case No. 1:20-cv-4205 Hon. Manish S. Shah |

**PLAINITFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND**

There is no doubt that this case and the pending Motion To Remand (Dkt. 14, 15) present unique circumstances, arising out of an atypical, serpentine litigation history. None of that, however, changes the fact that: (1) this Court previously recognized that if Plaintiff George Pappas ("Plaintiff") expressly disclaimed an intention to recover for sales taxes and did not seek injunctive relief in a subsequent pleading, there would be no basis for federal jurisdiction founded on that complaint; (2) Plaintiff filed just such a pleading in state court in accordance with the Court's Order in the earlier Case No. 20-cv-983, which is now closed; (3) Defendant Auto Club Insurance Association ("ACIA") filed its Notice of Removal directed to the First Amended Complaint (*see* Second Notice of Removal (Dkt. 1)); and (4) this Court's jurisdiction must be evaluated based on the pleading that was removed – here the First Amended Complaint, which superseded any earlier pleading. ACIA seeks to cast aspersions and complains that it should not need to make the required showing as to the pleading it sought to remove, because it had removed an earlier, now superseded pleading. However, as reflected in Plaintiff's Motion to Remand and supporting brief (Dkt. 14, 15), applying the pertinent test to the pleading subject to the removal petition, and taking into account the factual information provided by ACIA itself, leads inescapably to the conclusion that

there is no federal jurisdiction based on the claims pleaded in the First Amended Complaint. Nothing contained in ACIA's Response to Plaintiff's Motion (Dkt. 19) requires a contrary conclusion or outcome. ACIA has not and cannot meet its burden to prove that CAFA jurisdiction exists, and its effort to ignore Plaintiff's operative pleading to support its second removal does not change that fact. This case, as pleaded in the operative First Amended Complaint, could not have been brought in federal court. It cannot be removed here. Remand is required.

**I.      ACIA is relying on arguments and evidence directed to a superseded pleading.**

In its Response, ACIA essentially concedes that its sole basis for removing this case in its Second Notice of Removal, and its exclusive argument for why the case should stay here, is that the Court sustained its removal in Case No. 20-cv-983. *See* Response, at 1-6. To bolster its position, ACIA cites a series of cases in support of its conclusory assertion of "canon" law that an amended complaint cannot "deprive the federal court of jurisdiction where the original complaint did satisfy the jurisdictional amount, and federal jurisdiction had been established." Response at 5-6, citing *Dow v. Poltzer*, 364 F. Supp. 2d 931 (E.D. Wis. 2005); *Lang v. Mfrs. & Traders Trust Co.*, 274 F.R.D. 175 (D. Md. 2011); *Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847 (D.S.C. 1999); *Bank IV Salina, N.A. v. Aetna Casualty & Surety Co.*, 783 F. Supp. 1315 (D. Kan. 1992).

Notwithstanding the referenced general legal proposition, not one of these cases involved facts remotely comparable to the circumstances presented here. In each of those cases, the plaintiff filed an amended pleading in the federal court case after removal (or sought to do so)[1] and, in

---

[1]     *Thompson* involved a minor variation of fact pattern, but the facts of that case are still fundamentally distinguishable from those here. In *Thompson*, the Plaintiff claimed to have mailed an amended pleading prior to removal, but it was not filed or served until after removal. In all events, *Thompson*, like the other cases cited by ACIA, did not address the effect of a Second Notice

2

reliance upon the changes in the pleaded allegations, sought to remand the case.[2] That is not the circumstance presented to this Court in this case. Here, by contrast, this Court expressly granted plaintiff leave to file an amended complaint in state court, plaintiff did so, and defendant removed that pleading in a second removal. The rule that ACIA proffers and the cases it relies upon simply do not address those circumstances.

Instead, as earlier discussed, the rule that jurisdiction is analyzed based on the operative pleading at the time of the pertinent removal – here the First Amended Complaint filed in state court with this court's imprimatur – controls. *See* Dkt. 15 at 9-10, citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Peck v. Southern Illinois Hosp. Services*, 2020 WL 1248451, *1 (S.D. Ill. Mar. 16, 2020); *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992); *Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 842 (S.D. Ill. 2006); *In re Diet Drugs*, 282 F.3d 220, 232 n. 8 (3rd Cir. 2002); *Johnson v. America Online, Inc.*, 280 F.Supp.2d 1018, 1022 (N.D. Cal. 2003); *One Sylvan Road N. Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 62-64 (D. Conn. 1995); *Nicholson v. National Accounts, Inc.*, 106 F.Supp.2d 1269, 1271 (S.D. Ala. 2000).

Aside from generally entreating the Court to disregard these cases and their basic premise, ACIA cites to *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570 (7th Cir. 2006) and engages in

---

of Removal premised on an amended pleading filed in state court in accordance with leave granted to do so.

[2]     *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992) involved an attempt to obtain remand based on a post-removal affidavit or stipulation by plaintiff limiting recovery to less than the jurisdictional amount. Likewise, none of the cases cited by ACIA at pages 4-5 of its Response for the general proposition that "subsequent changes" of circumstances in a case do not "strip the court of its jurisdiction" involve issues related to a second notice of removal filed by a defendant based on an expressly permitted amended pleading in the state court and thus do not address factual circumstances or legal questions comparable to the instant matter. *See Carter v. Tennant Co.*, 383 F.3d 673 (7th Cir. 2004); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991); *Johnson v. Wattenbarger*, 361 F.3d 991 (7th Cir. 2004); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 122141 (N.D. Ill. 2018). Indeed, none of these cases involved removal or any related issues at all.

a discussion of the relation-back doctrine in an apparent effort to avoid this rule. ACIA's argument in that regard misses the point. *Santamarina* did not involve issues of a second removal based on the filing of an amended pleading in state court with the court's leave to do so. The "amendment" addressed in *Santamarina* was filed in federal court, and the defendant sought to justify removal based on the amended pleading. While ACIA would like to bootstrap from *Santamarina* to conclude that the First Amended Complaint is to be disregarded and the Original Complaint controls to maintain jurisdiction, that case addressed precisely the opposite argument – the original complaint did not support jurisdiction and thus a later amendment filed in federal court could not be used to justify the improper removal of the original complaint (recognizing that for purposes of the removal the original complaint was germane because it was the operative complaint at that time). The Court in *Santamaria* concluded the case should not have been removed, and affirmed an order remanding the case to state court. But, the bottom line is *Santamarina* did not decide the questions presented here.

The pertinent proposition is unaffected by *Santamaria* and remains the same – an amended complaint supersedes the original and renders it of no legal effect. *Klein v. Curran*, 2014 WL 5023486, n.2, *1 (N.D. Ill. Oct. 7, 2014), citing *Manning v. Ashland Oil Co.*, 721 F.2d 192, 197 (7th Cir.1983); *Jenkins*, 305 U.S. at 537-38; *Shannon*, 965 F.2d at 545 (7th Cir. 1992). The current operative pleading in this case is the First Amended Complaint. That was the operative pleading at the time of the Second Notice of Removal. The propriety of ACIA's Second Notice of Removal must be determined, therefore, based on the First Amended Complaint because it was the operative pleading at the time of the Second Notice of Removal. *Santamarina* is not to the contrary.

**II.     The allegations of the First Amended Complaint do not support federal jurisdiction.**

ACIA relied on the Legue Declaration as evidence that jurisdiction existed, based on the

allegations of the Original Complaint in Case No. 20-cv-983. In its Order in that earlier case, the Court made clear it denied the Motion to Remand based on that evidence and (1) the theoretical possibility (lack of "impossibility") that Plaintiff or class members could, under the Original Complaint as pled, seek recovery of underpaid sales taxes based on the applicable standard; and (2) the Complaint sought injunctive relief. (Doc. 25.) ACIA's Second Notice of Removal does not include any evidence. ACIA relies instead on the face of the First Amended Complaint, references to Case No. 20-cv-983, and the Court's evaluation of jurisdiction in that matter based on the then-operative Original Complaint. What matters here, however, is the operative pleading at the time of the Second Notice of Removal – the First Amended Complaint.

As addressed in Plaintiff's Motion and Memorandum, the First Amended Complaint, on its face, along with the claims information previously tendered by ACIA, demonstrate that this case cannot meet the $5 million threshold for CAFA jurisdiction. ACIA does not even attempt to rebut this premise.

The First Amended Complaint makes clear that (1) Plaintiff does not have an individual claim for underpayment of sales tax and does not seek to recover sales taxes on behalf of the Class; and (2) Plaintiff does not seek the imposition of injunctive relief. Instead, Plaintiff alleges that ACIA failed to pay the full amount of applicable title and transfer fees in connection with his individual total loss claim, and systemically in connection with the Class members' claims. Unlike the superseded Original Complaint, moreover, the First Amended Complaint affirmatively disclaims any intention to seek to recover sales tax or to obtain injunctive relief:

> Plaintiff does not allege that ACIA underpaid sales taxes in connection with total loss claims and seeks no redress in this action based on sales tax obligations. In addition, Plaintiff does not seek injunctive relief. (*Id.*, ¶ 30.)

And, as the Court stated, if Plaintiff "clarifies his claim to exclude unpaid taxes and injunctive

relief from the case, there would likely be no federal jurisdiction over the dispute." (Doc. 32, at 8.) Although ACIA wishes it were otherwise, that is precisely the circumstance presented.

**III. ACIA's evidence compels the conclusion that jurisdiction is lacking.**

Although ACIA relies on the notion of "continuing" jurisdiction from case number 20-cv-983, citing *Carter v, Tennant Co.,* 383 F.3d 673 (7th Cir. 2004), in order to sidestep its burden of proof as to jurisdiction for the First Amended Complaint (Dkt. 1, ¶¶ 15-17), this Court already recognized that the circumstances presented are akin to "a refiling of a dismissed case" in state court (Doc. 40; *see also* Dkt. 7), which triggers a *de novo* review of the new removal and thus jurisdiction. *See Alsup*, 435 F.Supp.2d at 842; *In re Diet Drugs*, 282 F.3d at 232 n. 8; *Johnson*, 280 F.Supp.2d at 1022; *One Sylvan Road*, 889 F.Supp. at 62-64.

The only "evidence" proffered by ACIA to support its effort to anchor this case in this court is the Legue Declaration, initially submitted in Case No. 20-cv-983. As previously addressed, once the amount of sales tax is removed, the Legue Declaration merely identifies an amount of mandatory fees "potentially" in controversy as ranging from $1,766,535.00 to $3,384,735.00. Even at the maximum level averred by ACIA based on the Legue Declaration, therefore, the compensatory damages at issue at the time of ACIA's Second Notice of Removal would be less than $3.5 million, and thus well below the $5 million CAFA threshold. In the absence of any proof beyond the Legue Declaration, and none has been offered by ACIA, the conclusion is inescapable that ACIA fails to meet its burden to prove $5 million is in controversy. ACIA thus has failed to prove "to a reasonable probability that jurisdiction exists." *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2008); *NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir. 1995); *Target Market Publishing, Inc. v. ADVO, Inc.,* 136 F. 3d 1139, 1142 (7th Cir. 1998).

## **CONCLUSION**

The operative First Amended Complaint does not contain allegations which establish CAFA jurisdiction, particularly the $5 million amount in controversy. ACIA bears the burden to establish that amount and all other CAFA elements by "competent proof." It has not done so. ACIA has thus failed to meet its burden to prove "to a reasonable probability that jurisdiction exists." ACIA's Response To Plaintiff's Motion To Remand does not effectively refute that fundamental, controlling premise. Therefore, for each of the foregoing reasons, as well as those contained in Plaintiff's Motion and Memorandum in Support, Plaintiff's Motion To Remand should be granted and the case should be remanded to the Circuit Court of Cook County.

        Respectfully submitted,

        GEORGE PAPPAS, individually, and on behalf of
        all others similarly situated,

        By: /s/ *Jeffrey A. Berman*
            One of their Attorneys

Jeffrey A. Berman
Patrick J. Solberg
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Email: bwanca@andersonwanca.com
Email: jberman@andersonwanca.com
Email: psolberg@andersonwanca.com

Counsel for the Plaintiff and the Class

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 10, 2020, I electronically filed the foregoing PLAINITFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND with the Clerk of the Court by using CM/ECF system, which will send a notice of the electronic filing to counsel of record registered with that system.

                                      /s/ *Jeffrey A. Berman*